NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIS ALL HOLINESS, BARTHOLOMEW I, THE ARCHBISHOP OF CONSTANTINOPLE, NEW ROME, AND ECUMENICAL PATRIARCH; THE HOLY METROPOLIS OF DRAMA; AND THE MONASTERY OF THEOTOKOS EIKOSIPHOINISSA, <br><br> Plaintiffs, <br><br> v. <br><br> PRINCETON UNIVERSITY <br><br> Defendant. | Civil Action No. 18-17195 (RK) (DEA) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiffs' Motion for Reconsideration. (ECF No. 125.) Plaintiffs move the Court to reconsider its June 22, 2023 Order, (ECF No. 123), denying Plaintiffs' appeal of the Honorable Douglas E. Arpert's discovery order, (ECF No. 101). Plaintiffs filed the subject Motion on July 6, 2023, (ECF No. 125; Pls.' Br., ECF No. 125-1), and Defendant filed a brief in opposition on August 4, 2023, (ECF No. 132).

The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiffs' Motion for Reconsideration is **DENIED**.

I.  **BACKGROUND**

The Court discussed the relevant facts at length in its prior Opinion, (*see* the "Challenged Opinion," ECF No. 122), and only briefly recites the key facts again. Judge Arpert heard argument

and ruled from the bench on three of the parties' discovery disputes on November 16, 2022 (*see* Transcript, ECF No. 104), shortly after which he entered a written order "direct[ing] Plaintiffs to produce Professor George Papazoglou for a deposition," (the "Magistrate Order," ECF No. 101). Judge Arpert based his decision on his conclusion that "significant issues in this case center on when Plaintiffs knew or should have known that Princeton held the Manuscripts" that Plaintiffs seek to reclaim, and that Professor Papazoglou (the "Professor") is the "only person with relevant information regarding his interactions many years ago" with Plaintiffs. (*Id.* at 2, 5–6.) Witness testimony and presented evidence also showed that the Professor "has worked extensively with Plaintiffs prior to and during this action," that he "has assisted with discovery in this case," and that "when Plaintiffs request his assistance, he willingly provides it." (*Id.* at 6–7.)

Plaintiffs appealed to this Court, arguing that the Magistrate Order (1) improperly ordered the deposition of a non-party pursuant to Federal Rule of Civil Procedure 30; (2) presumed the Court's personal jurisdiction over the Professor, a non-party Greek citizen; and (3) contravened the prior July 23, 2020 Order of Honorable Michael A. Shipp, (ECF No. 45), granting two of the named Plaintiffs (the "Patriarch" and the "Metropolis") conditional dismissal from the case. (ECF No. 105)

This Court affirmed Judge Arpert's decision on June 22, 2023. (ECF No. 123.) The Court agreed with Judge Arpert's finding that "exceptional circumstances" justified ordering Plaintiffs to produce the Professor for deposition pursuant to Federal Rule of Civil Procedure 26(b)(4)(D), given that the Professor was the "sole source" of information "critical to Princeton's two affirmative defenses." (Challenged Opinion at 7–8). The Court confirmed Judge Arpert's reasoning, concluding that it need not have personal jurisdiction over the Professor because the Magistrate Order applied to Plaintiffs, requiring them to produce their non-testifying expert for

discovery, and not to the Professor himself. (*Id.* at 8–9.) Addressing Plaintiffs' Rule 30 objection, the Court agreed that "Judge Arpert reasonably read Rule 26(b)(4)(D) — which permits a party to take the deposition of another's non-testifying expert under exceptional circumstances — in conjunction with Rule 30 — which provides the mechanism for noticing a deposition of a party's managing agent." (*Id.* at 9.) Finally, the Court found no conflict between the Magistrate Order and the language of Judge Shipp's prior decision. (*Id.* at 10–11.)

## II.   LEGAL STANDARD

Reconsideration is an "extraordinary remedy" to be granted "sparingly." *United States v. Coburn*, No. 19-120, 2022 WL 874458, at *2 (D.N.J. Mar. 23, 2022) (quoting *NL Indus. Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quotation marks omitted) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

Pursuant to Local Civil Rule 7.1(i), a party may move for reconsideration within fourteen (14) days of an entry of order or judgment on the original motion. In its brief, the party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." *See* L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citing Allyn Z.

3

Lite, *New Jersey Federal Practice Rules* 30 (2001)). A motion for reconsideration does not entitle a party to a second bite at the apple, and reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2–3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988).

### III. DISCUSSION

Plaintiffs seek the Court to reconsider the Challenged Opinion and quash the notice of the Professor's deposition. (Pls.' Br. at 2.) In support, Plaintiffs first argue that the question of whether the Professor was a "managing agent" under Rule 30 was not raised by the Magistrate Order or addressed by the parties on appeal. (*Id.* at 7, 11.) Second, Plaintiffs contend that the Professor does not qualify as their managing agent under Rule 30. (*Id.* at 8–9.) Third, Plaintiffs contend that the Court's discussion of their degree of control over the Professor is irrelevant to the Rule 30 analysis. (*Id.* at 12–14.) Finally, Plaintiffs repeat their contention that the Magistrate Order ran counter to the prior July 23, 2020 Order in this case. (*Id.* at 15–16.)

#### A. Order to Produce Professor Papazoglou

Plaintiffs do not point to either an intervening change in controlling law or new evidence that has become available since the Challenged Order issued. Therefore, the Court considers only whether Plaintiffs have established a "need to correct a clear error of law or prevent manifest injustice." *Gibson*, 994 F.3d at 190 (citation omitted).

At the outset, Plaintiffs do not contest the Court's affirmance of Judge Arpert's determination that "exceptional circumstances" under Rule 26(b)(4)(D)(ii) justified permitting the Professor's deposition. (Challenged Opinion at 7–8). Judge Arpert's careful review of the evidence and testimony led to the conclusion that the Professor holds unique knowledge critical to

4

Defendant's case and that Plaintiffs have relied on the Professor's unique knowledge for this litigation. (Magistrate Order at 2–3, 6.) Judge Arpert further determined that the evidence established Plaintiffs' control over the Professor for the purposes of the litigation, based on the Professor's long history consulting for Plaintiffs, assisting them in litigation, and making himself available on Plaintiffs' request. (*Id.* at 6–7.) Thus, Judge Arpert reasonably concluded that Plaintiffs could produce the Professor for deposition. (*Id.*) In seeking reconsideration, Plaintiffs overlook the fact that Judge Arpert's Rule 26 analysis, along with the unique factual and procedural posture of the case, was essential to his determination that Plaintiffs could (and must) produce the Professor for deposition.[1]

Although Judge Arpert's written Order did not explicitly address Rule 30 and the question of Plaintiffs' ability to produce the Professor as their agent in the litigation, the Court found that these issues were presented to Judge Arpert and implicitly decided in the Magistrate Order. The challenged notice of deposition was issued pursuant to Rule 30 and identified the Professor as the "Plaintiffs' agent." (Notice of Deposition, available as Pls.' Letter Ex. A, ECF No. 74-1 at 2.) At oral argument before Judge Arpert, Plaintiffs' counsel focused the Court on Rule 30. (*See* Transcript, ECF No. 104 at 22:16–18 ("[T]he issue here, the narrow issue here is whether a Rule 30 notice of deposition should be quashed under the circumstances."); *Id.* at 7:18–19 ("We don't control [the Professor], we can't produce him.").) Thus, the Court rejects Plaintiffs' argument that they did not have an opportunity to address the question of whether the Professor was the managing

---

[1] The Court notes that in their brief in support of reconsideration, Plaintiffs repeat their argument that Judge Arpert and this Court found that "Professor Papazoglou can be compelled to deposition . . . ." (Pls.' Br. at 1.) Plaintiffs raised an identical argument during the oral argument before Judge Arpert and on appeal of Judge Arpert's decision. (Transcript, ECF No. 104 at 26:5–9; ECF No. 105 at 10–13.) Judge Arpert and this Court both addressed this contention, noting that the Magistrate Order specifically applied to Plaintiffs. (Transcript, ECF No. 104 at 26:19–24; Challenged Opinion at 8). Judge Arpert issued no order that bound Professor Papazoglou, such that the Court needed personal jurisdiction over the Professor for the order to be valid.

5

agent for the purposes of this litigation under Rule 30, (Pls.' Br. at 7), and that the question was not properly before the Court on appeal, (Pls.' Br. at 11).

Turning to Plaintiffs' Rule 30 analysis, Plaintiffs do not offer any new argument or case showing that the Court's analysis was clear error. Plaintiffs rely primarily on three cases. In its appeal from the Magistrate Order, Plaintiffs previously cited and relied upon two of the cases it again cites to argue that the Professor was not their managing agent for purposes of the litigation.(Pls.' Br. on Appeal, ECF No. 105-1 at 8–11 (discussing *In re: Benicar (Olmesartan) Prod. Liab. Litig.*, No. 15-2606, 2016 WL 5817262 (D.N.J. Oct. 4, 2016) and *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408 (S.D.N.Y. 1994)).) The Court considered and distinguished these cases in the Challenged Opinion, concluding that they did not "involve analogous facts or circumstances, particularly regarding a finding of 'exceptional circumstances' authorizing the expert's deposition under Rule 26(b)(4)(D)." (Challenged Opinion at 10.)

The one case Plaintiffs now cite for the first time on their motion for reconsideration, *In re Valsartan, Losartan, & Irbesartan Prod. Liab. Litig.*, No. 19-2875, 2021 WL 6111768 (D.N.J. Mar. 22, 2021), does not evidence a "clear error of law" in affirming the Magistrate Order. As the Special Master noted in *Valsartan*, an individual's status as a managing agent depended "largely on functions, responsibilities and authority of the individual involved *respecting the subject matters of the litigation.*" *Id.* at *2 (quoting *Philadelphia Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492, 494 (E.D. Pa. 2003)) (emphasis added). In *Valsartan,* one witness in fact was found to be a managing agent because "Plaintiffs have presented evidence that [she] exercises her discretion and judgment in a number of corporate matters, and has done so on a number of issues relevant to this litigation." *Id.* at *3.

Plaintiffs contend that their degree of control over the Professor is irrelevant to the analysis under Rule 30. (*Id.* at 12–14.) Plaintiffs solely rely on *In re: Benicar (Olmesartan)*, 2016 WL 5817262 for this position, arguing that the Magistrate Judge's decision in that case proves that the Challenged Opinion is "contrary to the applicable law in this District." (Pls.' Br. at 12–14.) However, as noted above, Plaintiffs raised *Benicar* in their brief appealing Judge Arpert's order. (Pls.' Br. on Appeal, ECF No. 105-1 at 9–11, 13). Plaintiffs' recourse to a single decision, which this Court already considered and found distinguishable, does not support their contention that Judge Arpert's decision was "contrary to the applicable law in the District" or meet their burden on reconsideration to establish a "clear error of law." Rather, Plaintiffs' objection appears to turn on a factual disagreement with their level of control over the Professor. However, Judge Arpert reviewed the available evidence and concluded that Plaintiffs' relationship with the Professor would enable them to produce him for deposition. On appeal, the Court showed appropriate deference to Judge Arpert's factual findings and found that this fact determination was not "clearly erroneous." (ECF No. 122 at 5, 10 (quoting *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004)).)

Plaintiffs may disagree with Judge Arpert's determination and the Court's affirmance, but this does not meet the high bar for reconsideration. The Court finds no "manifest injustice" resulting from Judge Arpert's determination that the Professor's integral role in preparing Plaintiffs' case evidenced their control sufficient to justify requiring them to produce the Professor for deposition. To the contrary, the Court notes that the longer the deposition of the Professor is delayed, the greater the likelihood that the Professor's unique knowledge about this case, which will likely turn on decades-old events, may disappear.

### B. Judge Shipp's Decision

Plaintiffs have likewise not established that reconsideration is appropriate based on their perceived conflict between the Magistrate Order and Judge Shipp's July 23, 2020 Order.

Plaintiffs contend that because Judge Shipp ordered that two of their members — the Metropolis and the Patriarch — would be dismissed after they complied with their outstanding discovery obligations, those Plaintiffs are not subject to further orders in the case. (Pls. Br. at 15–16.) The Court neither misread nor misrepresented Judge Shipp's Order. The Order states: "The Patriarch and the Metropolis shall be dismissed from this matter on the condition that they respond to all outstanding discovery requests served upon them prior to December 13, 2019." (ECF No. 45 at 2). Plaintiffs urge an interpretation of the Court's prior order to mean that the Patriarch and the Metropolis would have no involvement in the suit from that point forward, except to the extent that they had to respond to then-unanswered discovery requests. Rather, the Court does not read Judge Shipp's Order so narrowly. Rather, the Court finds that the Patriarch and the Metropolis are parties to the suit, subject to the Court's continued jurisdiction, until they respond to their outstanding pre-date discovery requests. In other words, the Court ordered that the Patriarch and the Metropolis will be dismissed from the action once they comply with their outstanding discovery obligations. Because Plaintiffs concede that there remain "uncompleted discovery requests served on the Patriarch and the Metropolis" as of the cutoff date set in the July 23, 2020 Order, (Pls.' Br. at 2–3), they remain subject to the Court's jurisdiction.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Reconsideration is **DENIED**. An appropriate Order follows.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: September 26, 2023