

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

June 14, 2024

**VIA ELECTRONIC CASE FILING**

Honorable Justin T. Quinn, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building and Courthouse
402 East State Street
Trenton, New Jersey 08608

  Re: *His All Holiness Bartholomew I, et al. v. Princeton University*
     **Civil Case No. 3:18-cv-17195-RK-JTQ**

Dear Judge Quinn:

  We represent Plaintiffs His All Holiness Bartholomew I, the Metropolis of Drama, and the Monastery of Theotokos Eikosiphoinissa in the action referenced above. Yesterday afternoon, counsel for Defendant Princeton University ("Princeton") sent Your Honor a letter ("Letter") (ECF No. 158) seeking leave to file a reply brief in further support of its pending discovery motion. That motion is returnable in three days, on Monday, June 17, 2024. *See* Def.'s Notice of Mot. for Discovery Sanctions (ECF No. 155) (noticing the June 17, 2024 motion day). Plaintiffs oppose Princeton's application.

  The Local Civil Rules do not permit a reply brief in support of a discovery motion absent leave of court. *See* L. Civ. R. 7.1(d)(3) ("No reply papers shall be filed, unless permitted by the Court, relating to the following motions: . . . Discovery under L.Civ.R. 37.1(b)(3)."); L. Civ. R. 37.1(b)(3) ("No reply papers shall be allowed except with the permission of the Magistrate Judge."). Princeton has not shown good cause for further briefing or for the extension of time that it requests.

  Princeton not only asks for leave to file a reply brief, but it also belatedly seeks an extension of time and an adjournment of the return date. Local Civil Rule 6.1(a)(2) states "[e]ach application for an extension of time shall . . . be served prior to the expiration of the period sought to be extended." L. Civ. R. 6.1(a)(2). "Where a request for an extension of time is submitted 'after the time has expired,' an extension request may only be made on a showing of both good cause for an extension and a showing that the party failed to make a timely request because of excusable neglect." *Dykeman v. McGill*, No. 14-cv-5411, 2018 WL 6617833, at *3 (D.N.J. Dec. 18, 2018) (quoting Fed. R. Civ. P. 6(b)(1)(B)). This Court therefore denies untimely applications for extensions. *See, e.g., Dykeman*, 2018 WL 6617833, at *3; *Sosinavage v. Thomson*, No. 14-cv-3292, 2017 WL 253585, at *2 (D.N.J. Jan. 18, 2017).

  Although Princeton does not have a reply as of right, were the Court to permit a reply, it would be due 7 days after Princeton received Plaintiffs' opposition papers—that is, no later than this past Monday, June 10.  *See* L. Civ. R. 7.1(d)(3).  Princeton has now let that presumptive deadline slip.  It sat on the current application for 11 days without saying anything.[1]  Princeton bears the burden of showing good cause for an extension.  *See Sosinavage*, 2017 WL 253585, at *2.  Yet it does not assert, let alone show, any excusable neglect to explain its delay.  *See Dykeman*, 2018 WL 6617833, at *3.

  Moreover, Princeton seeks an unfair advantage.  Princeton took 24 days to draft its current motion.  *See* Text Order (ECF No. 153) (April 24, 2024) (authorizing formal discovery motion); Def.'s Notice of Mot. (ECF No. 155) (May 17, 2024).  Plaintiffs had only 17 days to respond.  *See* Pls.' Opp'n (ECF No. 156) (June 3, 2024).  And now Princeton wants at least another 21 days to file a reply brief.  Counsel states that the reply brief "can be filed within *five court days* of the Court granting the requested permission."  Letter at 2 (emphasis added).  "Court days" ostensibly exclude weekends and the Juneteenth federal holiday this Wednesday.  *See* Court Holidays, https://www.njd.uscourts.gov/court-info/court-holidays.  Were the Court to grant Princeton's application today, the reply brief would not be due until Monday, June 24—three weeks after receiving Plaintiffs' opposition brief.  The prejudice to Plaintiffs is not the delay but the unfair balance of time that Princeton would garner to draft its papers.  Princeton would have 48 days compared to Plaintiffs' 17 days.

  Likewise, the difference in the volume of briefing is unfair.  Princeton has already submitted 36 pages of briefing, including 14 single-spaced footnotes.  *See* Mot. Br. (ECF No. 155-1).  The maximum length is 40 pages.  *See* L. Civ. R. 7.2(b).  Now Princeton seeks to exceed that maximum by filing another brief.  *See* Letter at 2 (seeking ten additional pages).  This Court has cautioned litigants against circumventing the rules governing page length.  *See* Allyn Z. Lite, New Jersey Federal Practice Rules 139 (2024 ed.) ("Because the case load is so large, and the court is required to digest so much paper in disposing of matters to which it is assigned, the Judges have taken a jaundiced view of lengthy submissions.") (citing cases).

  Enough is enough.  There are only two questions here:  Did Plaintiffs act in good faith (1) in trying to produce Professor Papazoglou for a deposition and (2) in searching for 30-year-old documents purportedly in the Metropolis's possession.  An additional brief is more likely to muddle the record than clarify it.  Although Princeton maintains that Plaintiffs raise new arguments in their opposition papers, Letter at 1, an opposing party is free to respond to the movant's arguments without requiring a departure from the Rules.  Otherwise, every discovery motion would require a reply brief.

                  Respectfully submitted,

                  Eric Blumenfeld

cc: All Counsel of Record (via electronic case filing)

---

[1] Princeton's counsel did not contact us about the present application before filing it.

281243349