

**WONG FLEMING**
ATTORNEYS AT LAW

LINDA WONG
Member of NJ, PA, NY, VA and DC Bars

lwong@wongfleming.com

June 13, 2024

**VIA ELECTRONIC CASE FILING**

Honorable Magistrate Judge Justin T. Quinn
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building and Courthouse
402 East State Street
Trenton, NJ  08608

Re:     *His All Holiness Bartholomew I., et al. v. Princeton University*
        **Civil Case No. 3:18-CV-17195-RK-JTQ**

Dear Hon. Judge Quinn:

This firm together with Hahn Loeser, represent Defendant, the Trustees of Princeton University ("Princeton"), in the above-referenced action. Following comprehensive letter-briefing, the Court (Hon. Judge Singh), permitted Princeton to file a formal discovery motion seeking (1) sanctions for failing to comply with an Order compelling Plaintiffs to produce for deposition Plaintiffs' agent and non-testifying expert, Prof. George Papazoglou, and (2) for an Order compelling Plaintiffs to produce certain documents ("Motion"). [ECF No. 153.]

Plaintiffs, His All Holiness Bartholomew I, the Archbishop of Constantinople, New Rome, and Ecumenical Patriarch ("Patriarch"), The Holy Metropolis of Drama ("Metropolis"), and the Monastery of Theotokos Eikosiphoinissa ("Monastery" and collectively "Plaintiffs"), recently filed an Opposition Brief to Princeton's Motion ("Opposition Brief"). [ECF No. 157].

Although Princeton's Motion attempted to affirmatively address the arguments from the pre-motion letter-briefing, the Opposition Brief includes new arguments and contains several misstatements of fact. Princeton, therefore, writes pursuant to Local Rules 7.1(d)(3) & 37.1(a)(3) to request permission to file a short Reply brief, addressing these new arguments and misstatements, including:

1. Plaintiffs' erroneous assertion that the "30 Year Email" [ECF No. 155-2] is "uncertified," and its translation potentially incorrect.

2. Plaintiffs' argument that a different Papazoglou e-mail supports Plaintiffs' claims, despite that e-mail ostensibly being part of Plaintiffs' attempt to provide a false discovery rule narrative and Papazoglou admitting that "there are things which cannot and should not be shared in writing."

821 ALEXANDER ROAD, SUITE 200 ⬥ P.O. BOX 3663 ⬥ PRINCETON, NJ 08543-3663
TEL: (609) 951-9520 ⬥ FAX: (609) 951-0270
**WWW.WONGFLEMING.COM**

CALIFORNIA ⬥ FLORIDA ⬥ GEORGIA ⬥ ILLINOIS ⬥ INDIANA ⬥ MICHIGAN
NEW JERSEY ⬥ NEW YORK ⬥ PENNSYLVANIA ⬥ TENNESSEE ⬥ TEXAS ⬥ WASHINGTON
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED



3. Plaintiffs' assertion that high-level clergy (*e.g.,* Metropolitan Dionysios) often do not author their own books, despite the Metropolis' deposition showing that there is no support for this contention, the language of Met. Dionysios's book refuting this assertion, the Metropolis identifying Met. Dionysios as the author on its website, and the editor of the book confirming Met. Dionysios' authorship.

4. Plaintiffs' unsupported, and incorrect claim that Princeton was aware of the Monastery's 1998 Book prior to the Monastery producing it during deposition.

5. Plaintiffs' inaccurate assertion, contradicted by Plaintiffs' deposition testimony, that Princeton is not prejudiced by the absence of Papazoglou's testimony because "other witnesses have testified concerning information conveyed by Papazoglou to Plaintiffs."

6. The constitutionally incorrect argument that Plaintiffs, the party that brought this lawsuit in the United States, are entitled to "special protection" when it comes to discovery that places them in "disadvantageous positions" because they are foreign litigants.

7. Plaintiffs' mistaken contention that Princeton, through a catalog written by unaffiliated third-parties, has admitted to the theft of the at-issue manuscripts.

8. Plaintiffs' claim that Papazoglou is not under their control, or an agent of Plaintiffs, when the Court has already considered this issue on three occasions and rejected it.

If the Court will be considering Plaintiffs' new arguments, and its factual inaccuracies, <ins>Princeton respectfully requests permission to file a short Reply. If permitted, Princeton's Reply brief will not exceed ten pages, and can be filed within five court days of the Court granting the requested permission</ins>.

Respectfully submitted,

*/s/ Linda Wong*

_____
Samuel Sneed

cc:   All Counsel of Record (via electronic case filing)

IT IS SO ORDERED
this 14th day of June 2024

Hon. Justin T. Quinn, U.S.M.J.

--opposed