
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

November 19, 2024

**VIA ELECTRONIC CASE FILING**

Honorable Justin T. Quinn, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building and Courthouse
402 East State Street
Trenton, New Jersey 08608

   Re: *His All Holiness Bartholomew I, et al. v. Princeton University*
      Civil Case No. 3:18-cv-17195-RK-JTQ

Dear Judge Quinn:

  We represent Plaintiffs His All Holiness Bartholomew I, the Holy Metropolis of Drama, and the Monastery of Theotokos Eikosiphoinissa in the action referenced above. Pursuant to the Court's November 13, 2024 Text Order, Plaintiffs address the question of whether they have fully and faithfully complied with the Court's October 11, 2024 Order (the "Order").

  *The Monastery.* On October 17, the Right Reverend Abbess Geronitissa Antonini sent an e-mail message to Professor Papazoglou transmitting the Court's order and its Greek translation. When the Abbess tried to call Professor Papazoglou, he did not answer. The Professor subsequently responded that he would not sit for a deposition in this matter.

  *The Metropolis.* His Eminence Metropolitan Dorotheos Paparis sent an e-mail message to Professor Papazoglou transmitting the Order and its Greek translation and called the Professor but has been unable to reach him. As a result, the Metropolitan has been unable to plan a visit, let alone have a conversation with Professor Papazoglou. The Metropolis has also produced to Defendant and this Court a letter to Metropolitan Dorotheos from Professor Papazoglou dated

October 29, 2024, answering the questions set forth in the Order about the "30-year-old e-mail." As a result of that letter, the Metropolis was able to find four letters that match Professor Papazoglou's description. Plaintiffs have produced those letters to Defendant.

    ***His All Holiness.*** We respectfully refer the Court to our November 1, 2024 letter (ECF No. 171), which addresses why His All Holiness is unable to personally comply with the Order.[1]

    In the aggregate, the Monastery and the Metropolis faithfully complied with the Order by forwarding the Order to Professor Papazoglou and trying to speak with him. The Professor apparently responded to these entreaties by e-mail, but he would not return phone calls from the Abbess of the Monastery or the Metropolitan. Rule 37 does not demand the impossible. *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018). Professor Papazoglou's refusal to respond should not result in sanctions to the Monastery or the Metropolis.

    In addition, although it occurred before the Order was entered, His All Holiness also contacted Professor Papazoglou through the Grand Ecclesiarch and Director of His All Holiness's private office, Father Aetios, who spoke with the Professor and encouraged him to testify. *See* Aetios Aff. ¶¶ 6-8 (ECF No. 157-9). These efforts were the intended goals of the Order, and since they have been met, sanctions are not warranted.

                                          Respectfully submitted,
                                          *s/Eric Blumenfeld*
                                          Eric Blumenfeld

---

1. Plaintiffs have already raised the issue of whether the First Amendment bars an order commanding the leader of a faith to direct an adherent to comply with a court order. Judge Kirsch held that it did not. *See* Opinion at 11 (ECF No. 122). Plaintiffs note the issue here only to preserve the objection.